BRENNER & GAISMAN *v.* HIRSH, LOWENSTEIN & LEVY.

PARTNERSHIP.    *Death of partner.    Business continued.    Rights of creditors.*

Where, on the death of one member of a mercantile firm, the survivor
continues the business in the firm name, it not being shown that he had
authority so to do, debts thereafter accruing in the business, though
nominally due to the firm, are subject to garnishment at the suit of his
individual creditors.

FROM the circuit court of Coahoma county.
HON. R. W. WILLIAMSON, Judge.

Greenbaum & Kahn were merchants at Clarksdale, Miss.
Greenbaum died in September, 1889, and Kahn continued
the business, but in the firm name of Greenbaum & Kahn.
Under the evidence, there does not appear to have been any
authority for this, or for the use of the firm assets in con-
tinuing the business, if the assets were so used. On March
4, 1890, Brenner & Gaisman bought out Kahn, paying him
for the goods on hand. At that time there were certain
goods in transit, which had been purchased by Kahn after the
death of Greenbaum, in the name of the firm, and Brenner
& Gaisman agreed to take them. Afterwards, these goods
arrived, and they took them as a part of the purchase, exe-
cuting to Kahn a note therefor on May 15, 1890, for $1,517.33,
payable to Greenbaum & Kahn, October 16, 1890. Meantime,
on May 12, 1890, the appellees, Hirsh, Lowenstein & Levy,
creditors of Kahn, whose debts had been contracted after the
death of Greenbaum, sued out attachments against Kahn,
and garnished Brenner & Gaisman.

The garnishees answered, denying any indebtedness to
Kahn, and their answers were traversed. The plaintiffs in
attachment recovered judgment against Kahn, and afterwards
there was a trial of the garnishment issue, in which they re-
covered judgment against the garnishee. On this last trial

the above facts were shown, and, in addition, it was shown that Kahn, after taking the note of Brenner & Gaisman, payable to Greenbaum & Kahn, as above, assigned the same to B. Lowenstein & Bros., who transferred it to the Bank of Commerce, at Memphis, which collected the amount of the note from Brenner & Gaisman. The evidence shows that Brenner & Gaisman were garnished before Kahn assigned the note to B. Lowenstein & Bros., and, furthermore, that the last-named firm, before payment of the note, agreed to indemnify the makers as against the possibility of having it to pay again.

From the judgment in favor of plaintiffs in attachment, the garnishees appeal.

*Sam C. Cook*, for appellant.

The garnishees were not, in fact, indebted to the defendant, E. Kahn. The goods which they had purchased from him belonged to the firm of Greenbaum & Kahn. The money was not liable to the debts of Kahn, contracted in another business, after the death of his partner. The only interest which he had in the money was as surviving partner, and this interest could not be reached by garnishment. The note was partnership assets, and liable to the creditors of the firm. After purchasing this note, B. Lowenstein & Bros. had the right to collect it, and this right could not be defeated by the creditors of Kahn.

*Calhoon & Green*, for appellees.

There is no evidence that Kahn had authority to continue the business after the death of Greenbaum. The *form* of the transaction—taking a note payable to the firm—could not bind Greenbaum's estate. After the death of Greenbaum, Kahn alone was liable for all debts contracted, and he had no power to bind the estate of his former partner. *Bank of Port Gibson* v. *Baugh*, 9 Smed. & M., 290. Hence, the consideration of the note was the individual property of Kahn. Taking a

note after the garnishment, payable to a firm which did not exist, could not affect plaintiff's rights.

Campbell, C. J., delivered the opinion of the court.

Although E. Kahn was liable to account to the representatives of Greenbaum, the deceased partner, for continuing business in the firm name, and with firm assets, if such was the case, the business done by Kahn, after Greenbaum's death, was his individual business; and debts accrued to him in such business, although nominally due to Greenbaum & Kahn, were legally due to Kahn, and appropriable to his creditors. A party cannot make use of a firm name, and take notes payable to that name, and, when such assets are sought to be reached by his creditors, elude their pursuit by setting up the real or imaginary claim of a partner, who was not such, to defeat creditors.

*Affirmed.*